20540

Ernestine Thomas MERCER, Respondent, v. Francis E. MERCER, Appellant.

(239 S. E. (2d) 72)

*William W. Doar, Jr.,* and *Thomas H. Barr,* of *Moore, Flowers & Doar,* Georgetown, *for Appellant.*

*Robert H. O'Donnell,* of Georgetown, *for Respondent.*

November 16, 1977.

RHODES, Justice:

The appellant, Francis E. Mercer (father), and the respondent, Ernestine Thomas Mercer (mother), were married on February 12, 1961, and Christianna, a severely mentally retarded child, was born to them on November 13, 1964. The parties were divorced in 1969, and custody of Christianna was awarded the mother together with child support in the amount of $25.00 per week.

In 1971 Christianna was placed by the mother in the Coastal Center at Ladson, South Carolina, a facility operated by the South Carolina Department of Mental Retardation. In June of 1976, the mother removed this child from the Coastal Center and soon thereafter commenced these proceedings against the father seeking an increase in the amount of child support on the grounds of a change of conditions.

The matter was referred to a Special Referee who issued his Report denying the mother's prayer for increased child support. Upon exceptions to the Report, the Circuit Judge increased child support to $400 per month.

The only question which has been raised by the parties is the amount of the support payments to be allowed. This amount is necessarily related to the place the child is kept. Thus, a basic underlying issue is whether the best interests of this child will be served by returning her to the Coastal Center or keeping her in the home. The mother is desirous that she be allowed to retain the child in her home although the medical testimony indicates that such would not be the best course for the child.

Since the issue of custody has not been raised by the pleadings in this cause, we feel that the case should be remanded and the issue of custody and support fully considered. The absence of any issues relative to custody and the fact that the testimony before us is more than one year old renders this record inadequate as a basis for deciding the grave issues involved.

Accordingly, this case is remanded to the Family Court of Georgetown County for further proceedings consistent with this opinion.

Remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.